UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION


IN RE: DEVALL TOWING & BOAT          CASE NO. 6:18-CV-00752
SERVICE OF HACKBERRY L LC

                                          **UNASSIGNED DISTRICT JUDGE**

                                          **MAGISTRATE JUDGE WHITEHURST**


**ORDER ON MOTION TO LIFT STAY**

Before the Court is a Motion To Lift Stay filed by Jason Lanclos ("Lanclos") [Rec. Doc. 9], a Memorandum in Opposition filed by Devall Towing & Boat Service of Hackberry, L.L.C. ("Devall Towing") [Rec. Doc. 15], and a Memorandum in Reply filed by Lanclos [Rec. Doc. 19]. For the reasons that follow the Court will grant Lanclos' motion.

### I.    BACKGROUND

Lanclos, a deckhand employed by Petitioner in Limitation, Devall Towing. was assigned to work on the push boat M/V KENNETH J. DEVALL, owned and operated by Devall Towing, on navigable inland waters in Cameron Parish. On December 24, 2017, Lanclos and his crew members were instructed to assist the crew members of the M/V ZELAND M. DELOACH, JR., owned and operated by Deloach Marine Services, L.L.C. ("Deloach") with breaking its tow (a barge). While assisting on the barge, Lanclos alleges he was hit in the head by a "heavy cheater

pipe or similar object" which fell off the cover of the barge. Lanclos also alleges he asked for a hard hat when he arrived at work that day but learned that hard hats were not required for the crew nor were they available. Lanclos alleges he suffered a trauma to his head and has been unable to return to work since the accident. He represents that he is scheduled for a one-level cervical discectomy and fusion.

Lanclos made a cure demand on Devall Towing on February 19, 2018. Thereafter, this limitation proceeding was filed on June 6, 2018 and the Court issued a Notice to Claimants and Order staying prosecution of claims on June 19, 2018. Thereafter, Lanclos filed a timely answer and claim, reserving his right to petition the Court to lift the stay order allowing him to proceed on his Jones Act claims against Devall Towing pursuant to his Saving to Suitors Clause, 28 U.S.C. § 1333(1)

## II.  LAW AND ANALYSIS

In the instant motion, Lanclos seeks relief from the limitation stay so that he may file a lawsuit in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana against Devall Towing. Lanclos anticipates that the suit will bring claims under the Jones Act and for maintenance and cure and unseaworthiness against Devall Towing and general maritime claims against Deloach for negligence in the handling of the pipe that injured him. Lanclos attached a Stipulation which he contends protects Devall Towing's right to have its claim for limitation decided in this Court. *R. 9-1*.

The Limitation of Liability Act, 46 U.S.C. § 183 *et seq.*, provides that the liability of a shipowner shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner. Federal courts have exclusive jurisdiction over suits invoking the Act, "saving to suitors ... all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. When a shipowner files a limitation action in federal court under Rule F of the Federal Rules of Civil Procedure-Supplemental Rules for Certain Admiralty and Maritime Claims, the court stays all related claims against the shipowner arising out of the same accident and requires all claimants to assert their claims in the limitation court. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The purpose of the Limitation Act is to protect the shipowner who has an absolute right to limit his or her liability, and to consolidate all actions against the owner into a single case where all claims may be disposed of simultaneously. *In re Blessey Enterprises, Inc.,* 537 Fed.Appx. 304, 305 (5th Cir. 2013) (citing *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 264 (5th Cir. 2001)).

Notwithstanding the foregoing, the Fifth Circuit recognizes that, in a limitation action, "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been

3

heard by the federal court." *In re Tetra Applied Technologies L P*, 362 F.3d 338, 341 (5th Cir. 2004). Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court. *Id., In re Complaint of FKM, Inc., for Exoneration from or Limitation of Liability*, 122 Fed.Appx. 783, 784, (5th Cir.2005) ("So long as the district court hearing the limitation action satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.").

In its Opposition, Devall Towing argues that because the Court has discretion in deciding whether to lift the injunction in this case, the Court should deny Lanclos' motion as his stipulations are "vague and inadequate." *R. 15, p. 4.* Specifically, Devall Towing contends that the stipulations fail to state the venue where Lanclos intends to bring suit and that he intends to bring all claims against all alleged tortfeasors in one proceeding. *Id.* Devall Towing further contends that Lanclos refuses to stipulate to the value of the M/V KENNETH J. DEVALL and its pending freight. *Id.* Devall Towing argues that "the value of the limitation fund must be finalized before Lanclos can be allowed to proceed." *Id.* Alternatively, Devall Towing contends that in the event the Court grants Lanclos' motion, this proceeding should proceed in a parallel fashion so that necessary discovery will not be duplicated.

4

Lanclos initially offered the following Stipulations attached to his motion: (1) he concedes that Devall Towing "has the right to litigate all issues relating to limitation of liability … [but] specifically reserves the right to deny and contest in this Court all assertions and allegations made by Petitioner in the Complaint for Limitation of Liability;" (2) he "intends to file a personal injury lawsuit against Devall Towing in Louisiana state court, but … stipulates he will not seek in that action or in any other action in federal or state court, any judgment or ruling on the issue of Devall Towing's right to limitation of liability" and "consents to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that may be rendered in any other action;" (3) that he "waive[s] any defense of issue preclusion with respect to the issues of Devall Towing's privity or knowledge based on any ruling, decision, or judgment in any other state or federal court; and (4) he "will not seek to enforce any judgment or recover in excess of the value of the M/V KENNETH J. DEVALL and her freight then-pending until after the adjudication of the Complaint of Limitation of Liability in this Court although he does not stipulate at this time that $500,000 is the value of the vessel and its pending freight" … [he] "stipulates that this Court has exclusive jurisdiction over the proper value of the limitation fund." *R. 9-1*.

In response to Devall Towing's Opposition, Lanclos filed an Amended Stipulation which included the foregoing but also stated that he would file only "one personal injury lawsuit against Devall Towing in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana." *R. 17-2*. The Court finds Lanclos' Amended Stipulations are sufficient to protect Duvall Towing's rights under the Limitation Act. While Devall Towing cites no legal authority for its argument that the value of the limitation fund must be finalized before the stay can be lifted, the jurisprudence is contrary to Devall Towing's argument. In *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1267-68 (W.D. La. 1991), the Court explained that in a case such as this one—in which the Jones Act affords the single claimant the right to obtain a jury trial in a forum of the crewman's choosing—the court should lift the injunction and allow the claim to be tried in a court where doing so preserves the rights of both parties (the claimant's right to a jury trial and the shipowner's right to limit its liability). Under these circumstances, the state court action is permitted to continue until a judgment is rendered while the limitation action is held in abeyance. Failure to lift the stay in this manner is reversible error." *Id.* (citing *Langnes v. Green*, 282 U.S. 531, 542 (1931)); *see also In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001).

Further, as to Devall Towing's contention that discovery in this limitation action should be conducted with Lanclos' state court action, the Court agrees with

Lanclos that such action would needlessly increase the time, resources and expenses incurred by the parties. In the event it is determined in the state court proceeding that Devall Towing has no liability or that Mr. Lanclos' damages are less than the value of Devall Towing's vessel, then the question of limitation will be moot.

### III. CONCLUSION

In summary, as Lanclos, the sole claimant in the limitation proceeding, has proffered stipulations to give this Court certainty that the federal forum will remain the sole forum for the adjudication of the plaintiff in limitation's rights to limitation and/or exoneration of liability under the Limitation Act,

**IT IS ORDERED** that claimant Jason Lanclos' Motion To Lift Stay [Rec. Doc. 9] is **GRANTED**, and the stay entered pursuant to 46 U.S.C.App. § 185 is **HEREBY LIFTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is to administratively close this action in his records without prejudice to the right of either party to file a motion to reopen the proceedings at such time, if any, it shall become necessary for this Court to determine issues relevant to limitation and/or exoneration.. This order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate such motion

as if this order had not been entered.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 26th day of October, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE